## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD TORRES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 04-109-GMS |
| | ) |
| RICHARD KEARNEY, | ) |
| Warden, | ) |
| | ) |
| Respondent. | ) |

Donald Torres. *Pro se* petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondent.

## MEMORANDUM OPINION

December __1__, 2005
Wilmington, Delaware





SLEET, District Judge

## I. INTRODUCTION

Presently before the court is petitioner Donald L. Torres' ("Torres") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 2.) Torres is an inmate in custody at the Sussex Correctional Institution in Georgetown, Delaware. For the reasons that follow, the court concludes that Torres' petition is time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

In February 1989, Torres broke into the house of a neighbor. Knowing that a family of four was asleep upstairs, he spread kerosene over the kitchen floor and stairs, ignited it, and then watched the fire spread through the house. Torres also watched the father come running outside the house and then go back inside in attempt to save his wife and two young children. The entire family perished in the fire.

In February 1990, a Delaware Superior Court jury found Torres guilty of eight counts of first degree murder (four counts of intentional murder and four counts of felony murder). On April 3, 1990, the Superior Court sentenced him to eight consecutive terms of life imprisonment without the possibility of probation or parole or any other reduction. The Delaware Supreme Court affirmed Torres' convictions in February 1992. *See Torres v. State*, 608 A.2d 731 (Table), 1992 WL 53406 (Del. Feb. 7, 1992). Torres was fifteen years old at the time of his conviction.

In August 1993, Torres filed in the Delaware Superior Court a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion, and the Delaware Supreme Court affirmed that decision. *See*

1

*Torres v. State*, 642 A.2d 837 (Table), 1994 WL 144264 (Del. Apr. 15, 1994).

Thereafter, in May 2002, Torres filed in the Superior Court a Rule 35 motion for correction of an illegal sentence. The Superior Court denied the Rule 35 motion on May 9, 2002, and Torres did not appeal that decision. (D.I. 11; D.I. 13, *State v. Torres*, Cr.A. Nos. IN890411009 through IN890411016, Order (Del. Super. Ct. May 9, 2002).)

Torres' form § 2254 petition, dated February 10, 2004, asserts four claims for relief: (1) there was insufficient evidence to sustain a conviction for first degree felony murder because he was not convicted of the underlying felony of arson; (2) the jury was improperly instructed regarding intent; (3) his trial counsel was constitutionally ineffective by failing to require Torres' presence at his reverse amenability hearing; and (4) the trial court erred in denying the defense motion to suppress three statements made by Torres to police, because the State failed to prove that he knowingly and voluntarily waived his Fifth Amendment rights. (D.I. 2.)

The State asks the court to dismiss Torres' petition as time-barred under 28 U.S.C. § 2244(d). (D.I. 11.)

## III. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year period of limitations for state prisoners seeking federal habeas relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Torres does not allege, nor can the court discern, any facts triggering the application of § 2244(d)(1)(B) or (C). The State, however, mentions the possible application of § 2244(d)(1)(D) with respect to Torres' Rule 35(a) motion filed in May 2002. In his Rule 35(a) motion, Torres argued that the four natural life sentences for his felony murder convictions should be vacated because he was never found guilty of burglary and/or arson. (D.I. 13, Motion to Correct Illegal Sentence in *Torres v. State*, Cr. A. No. IN890411009R1 thru 1016R1.) The Delaware courts rejected the same argument on direct appeal and in a Rule 61 motion, and the Superior Court rejected it again in the Rule 35(a) motion on the basis of *res judicata*. (D.I. 13, Order in *Torres v. State*, Cr. A. Nos. IN890411009R1 thru 1016.); *see also Torres v. State*, 608 A.2d 731 (Table), 1992 WL 53406 (Del. 1992). Because Torres was aware of the factual predicate for this argument during his direct appeal, even if § 2244(d)(1)(D) applies here, the limitations period would start at the same time as it does under § 2244(d)(1)(A).

Torres has also filed two letters with the court asserting a variation of the same argument raised in his Rule 35(a) motion. His letters assert that, in July 2004, he filed a motion for post-conviction relief in the Superior Court pursuant to Rule 61(i)(5). He contends that the State filed an answer to the motion on March 10, 2005 conceding that his four felony murder

3

convictions must be vacated under *Williams v. State*, 818 A.2d 906, 913 (2003) and *Kirk v. State*, 2004 WL 396407 (Del. Super. Ct. Feb. 26, 2004), and that he should be re-sentenced. (D.I. 14; D.I. 15.) However, because there is no indication that Torres has actually been re-sentenced, these letters do not trigger the application of § 2244(d)(1)(D).[1] Consequently, the one-year period of limitations began to run when Torres' conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment, the state court criminal judgment becomes final "at the conclusion of review in the United States Supreme Court or when the [90-day time-period] for seeking certiorari review expires." *Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). Here, the Delaware Supreme Court affirmed Torres' conviction and sentence on February 7, 1992, and his conviction became final in May 1992. Because Torres' conviction became final prior the enactment of AEDPA, he had until April 23, 1997 to timely file his habeas petition. *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998)(establishing a one-year grace period for petitioner's whose convictions became final before AEDPA became effective); *Douglas v.*

---

[1] The two Delaware Supreme Court opinions cited in Torres' letters re-define the phrase "in furtherance of" contained in Delaware's first degree murder statute. Although there is a possibility that a state court decision may qualify as a "factual predicate" under § 2244(d)(1)(D), the state court decision must be a decision in the petitioner's own case. *See Johnson v. United States,* 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005)(holding that a notice of order vacating a federal prisoner's prior state conviction used to enhance federal sentence triggers one year limitations period under AEDPA, provided petitioner has shown due diligence in seeking the order). When a state court clarifies or re-defines state law in a case in which the petitioner was not a party, the state court decision does not trigger § 2244(d)(1)(D). *See, e.g., Shannon v. Newland*, 410 F.3d 1083, 188 (9th Cir. 2005).
  Here, Torres' petition challenges his 1992 convictions and sentences. If, perchance, there is a Rule 61(5) motion pending in the Superior Court, and the Superior Court determines that Torres should be re-sentenced, he may be able to file a § 2254 petition challenging that sentence. *See Johnson,* 125 S.Ct. at 1578-79.

*Horn*, 359 F.3d 257, 261 (3d Cir. 2004).

Torres did not file his petition until February 10, 2004,[2] almost seven years after the expiration of AEDPA's limitations period. Thus, unless the limitations period can be statutorily or equitably tolled, Torres' petition is time-barred. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir. 1999).

### A. Statutory Tolling

Section 2244(d)(2) of AEDPA specifically permits the statutory tolling of the one-year period of limitations:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). The Third Circuit views a properly filed application for state post-conviction review as "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998). A properly filed state post-conviction motion tolls AEDPA's limitations period during the time a petitioner pursues his state post-conviction remedies, including any post-conviction appeals. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000). However, a properly filed state post-conviction motion can only toll the federal habeas limitations period if the post-conviction motion itself is filed and pending before the expiration of AEDPA's one-year limitations period.

---

[2]A *pro se* prisoner's habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). Torres' habeas petition is dated February 10, 2004, and presumably, he could not have presented it to prison officials for mailing any earlier than that date.

*See Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002).

Here, Torres filed a Rule 35(a) motion for correction of an illegal sentence in May 2002, approximately five years after the expiration of AEDPA's limitations period. Thus, the motion has no tolling effect.

### B. Equitable Tolling

A court, in its discretion, may equitably toll the one-year filing period when "the petitioner has in some extraordinary way . . . been prevented from asserting his or her rights." *Miller v. New Jersey State Dep't of Corrs.*, 145 F.3d 616 (3d Cir. 1998)(internal citations omitted). Federal courts invoke the doctrine of equitable tolling "only sparingly." *See United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998). The Third Circuit permits equitable tolling for habeas petitions in only three narrow circumstances:

> (1) where the defendant actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights;
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum; or

*Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999). In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims"; mere excusable neglect is insufficient. *Miller*, 145 F.3d at 618-19 (citations omitted).

Here, Torres does not allege, and the record does not reveal, that any extraordinary circumstances prevented him from timely filing his habeas petition. To the extent Torres' failure to timely file a habeas petition was due to a mistake or miscalculation regarding the one-year filing period, such mistakes do not warrant equitable tolling. *See Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002).

6

Accordingly, the court concludes that the doctrine of equitable tolling is not available to Torres on the facts he has presented. Therefore, his § 2254 petition will be dismissed as untimely.[3]

## V. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a court denies a § 2254 petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should not be issued unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

---

[3]Torres has filed a letter requesting the court to appoint counsel to replace his Public Defender. He contends that he needs assistance with his Rule 61(i)(5) motion and his habeas petition. (D.I. 14.) The court is dismissing Torres' petition as time-barred. Therefore, his request for the appointment of counsel in his habeas proceeding is moot.

7

The court concludes that Torres' habeas petition is untimely. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, the court declines to issue a certificate of appealability.

## VI. CONCLUSION

For the reasons stated, Torres' petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD TORRES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 04-109-GMS |
| ) | |
| RICHARD KEARNEY, ) | |
| Warden, ) | |
| ) | |
| Respondent. ) | |

## ORDER

At Wilmington, this _1st_ day of December, 2005, consistent with the memorandum opinion issued this same day;

IT IS HEREBY ORDERED that:

1. Petitioner Donald Torres' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED, and the relief requested therein is DENIED. (D.I. 2.)

2. The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).



UNITED STATES DISTRICT JUDGE



FILED
DEC 1 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE